IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHELLE BROGAN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:24-CV-000127 (WLS) |
| | : | |
| FIN & FEATHERS, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 8). A few months ago, the Court entered an Order (Doc. 10) noticing Plaintiff, who represents herself, that she may respond to the motion. Plaintiff filed seventy pages of screenshots in response. (*See generally* Doc. 11). The next day, Plaintiff filed an additional document: a state-court filing from a different case. (Doc. 13). And two days later, Plaintiff filed a letter to the Court alleging additional facts. (Doc. 14).

The Court construes Plaintiff's filings liberally because she represents herself. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1296 (11th Cir. 2024). But this does not exempt her from procedural rules. *Id.* Plaintiff may not amend her complaint in briefs in response to a motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 852 n.5 (11th Cir. 2011). Nor may the Court consider evidence on a motion to dismiss, absent a specific exception to the Rules. *See* Fed. R. Civ. P. 12(d); *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). In other words, the Court's review is limited to the Complaint. It may not consider additional alleged facts. So, as it stands, the Court would resolve the Motion to Dismiss only based on the Complaint (Doc. 1), Defendants' Motion (Doc. 8), and Plaintiff's written response (Doc. 13), to the extent it makes legal arguments.

Still, because Plaintiff plainly seeks to allege additional facts, the Court construes this as a motion to amend her Complaint under Fed. R. Civ. P. 15(a)(2). That motion is

1

**GRANTED**. Plaintiff may file a new complaint, if she wishes, no later than **Tuesday, July 15, 2025**.

When filing a new pleading, Plaintiff should bear in mind that a complaint in federal court must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is enough that a plaintiff states "simply, concisely, and directly events that, they allege[], entitle[] them to damages." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). The complaint must allege specific factual allegations for each defendant for each claim asserted. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).

If Plaintiff does not file a new complaint, the Court will resolve the Motion to Dismiss on the Record before the Court, consistent with the standard of review on such motions.

**SO ORDERED**, this 25th day of June 2025.

                                                        **/s/ W. Louis Sands**
                                                        **W. LOUIS SANDS, SR. JUDGE**
                                                        **UNITED STATES DISTRICT COURT**