## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| MICHELLE BROGAN, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:24-CV-00127 (WLS) |
| : | |
| FIN & FEATHERS, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

### ORDER

Before the Court is Plaintiff's Response (Doc. 19) to the Court's October 6, 2025 Order to Show Cause. (Doc. 18). On October 6, 2025, Defendants filed a Motion to Strike Plaintiff's Untimely Amended Complaint (Doc. 17). In it, Defendants move the Court to strike Plaintiff's Amended Complaint (Doc. 16) for being filed untimely. But Doc. 16 was not Plaintiff's only deficient filing, so the Court ordered her to show cause as to why it should consider Docs. 11, 13, and 16 despite their untimely filings as well as Doc. 12 despite its seemingly being evidence.

Plaintiff filed several documents after Defendants filed their Motion to Dismiss for Failure to State a Claim. (*See* Doc. 8.) Specifically, Doc. 12 appeared to contain a state-court filing from a different case. Meanwhile, Doc. 11 contained seventy pages of screenshots, and Doc. 13 was a letter to the Court alleging additional facts. Because Plaintiff represents herself, the Court treated them as a singular motion to amend. (Doc. 15.) Therefore, the Court gave Plaintiff an extra twenty days to file a new complaint. (*Id.*) On September 23, 2025, seventy days after the Court's July 15, 2025, deadline, Plaintiff filed her amended complaint. (Doc. 16.)

In the instant Response, Plaintiff states that on June 13, 2025, she moved from Georgia to Ohio due to significant financial and personal hardship. (Doc. 19). She states she did not receive several pieces of forwarded mail containing court-related correspondence and opened a case report with the United States Postal Service regarding this missing mail. (*Id.*). She eventually received the missing mail on September 15, 2025, after the Court's July 15, 2025, deadline had passed. (*Id.*). Plaintiff also states she resided at a domestic violence shelter for a

1

time after commencing the instant lawsuit, which she says contributed to her untimely response. (*Id.*).

When a Court orders a party to show cause for why it should consider certain documents, it is asking that party for a good reason for why it should consider the documents despite the documents' deficiencies. Here, the various documents were deficient for one of two reasons: they were either filed untimely or they were purported evidence. (Docs. 11, 12, 13, & 16). Docs. 11, 13, and 16 were filed untimely. Doc. 12 appears to be purported evidence.

The Eleventh Circuit states that after a district court gives a Plaintiff an opportunity to amend their complaint, "[i]f the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court." *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). Plaintiff must comply with deadlines the Court sets. For a *pro se* plaintiff, the Court will tolerate minor delays in filings due to frequent issues with postal service delivery times. Seventy days, however, was a significant delay. Therefore, the Court ordered Plaintiff to show cause for the delay. (Doc. 18). Plaintiff showed good cause for the delay. She credibly alleges that her mail was lost for an extended period of time and only reached her after she filed a report with USPS. (Doc. 19). And Plaintiff resided in a domestic violence shelter for some time after filing her Complaint, meaning she was homeless. (Doc. 19-5). These are both good reasons for a delay in filing. Therefore, the Court finds good cause for the untimely filings of Docs. 11, 13, and 16.[1]

Having found good cause, the Court will accept and consider Plaintiff's Amended Complaint. (Doc. 16). Therefore, Defendants' Motion to Strike Doc. 16 is **DENIED** without prejudice. (Doc. 17). An amended complaint supersedes the original complaint and therefore renders moot any previously pending motion to dismiss that complaint. *E.g.*, *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Accordingly, Defendants' Motion to Dismiss (Doc. 8) is **DENIED-AS-MOOT**. Because Docs. 11 and 13 were Responses to Defendants' Motion to Dismiss, which is now mooted, they are not properly before the Court. If Defendants wish to file a new motion to dismiss, they must do so by

---

[1] The Court may not consider evidence on a motion to dismiss, absent a specific exception to the Rules. *See* Fed. R. Civ. P. 12(d); *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). Plaintiff does not state a reason why the Court should consider Doc. 12 despite its seemingly being evidence. Therefore, the Court does not find good cause to consider Doc. 12.

**Monday, December 1, 2025**. Plaintiff is reminded she should respond within twenty-one (21) days of Defendants' filing a motion to dismiss. Local Rule 7.3.

    **SO ORDERED**, this 3rd day of November 2025.

                              **/s/ W. Louis Sands**  
                              **W. LOUIS SANDS, SR. JUDGE**  
                              **UNITED STATES DISTRICT COURT**