IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHELLE BROGAN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.:  7:24-CV-000127 (WLS) |
| | : | |
| FIN & FEATHERS, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendant Fin & Feathers's Motion to Dismiss. (Doc. 41). After review, the Motion is granted. Plaintiff failed to file suit within ninety days of receiving her right-to-sue letter. Therefore, her suit is procedurally barred.

## I.   RELEVANT PROCEDURAL BACKGROUND

On August 26, 2024, the EEOC issued Plaintiff a right-to-sue letter. (Doc. 16 at 2). Plaintiff states she received it on August 26, 2024. (Doc. 1). Plaintiff, proceeding pro se, filed this lawsuit on November 26, 2024. (*Id.*) Plaintiff later attempted to amend her complaint. (Doc. 16). The Court Ordered Plaintiff to Show Cause for why it should consider her untimely amendment (Doc. 18); Plaintiff Responded by showing cause. (Doc. 19). The Court accepted her showing of good cause and allowed her to amend her complaint. (Doc. 20). Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). (Doc. 21), Plaintiff Responded (Doc. 23), and the time for Defendant to reply has elapsed with no such submission made.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a claim because a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court should not grant a Rule 12(b)(6) motion to dismiss unless a plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[I]f the factual allegations are not 'enough to raise a right to relief above the speculative level'" the Court should dismiss the complaint. *Edwards v. Prime,*

1

*Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). In other words, the allegations "must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

Additionally, a Rule 12(b)(6) is appropriate where the complaint has a procedural or substantive legal issue such that "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

This standard requires the Court to conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court "make[s] reasonable inferences in plaintiff's favor, but [need not] draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). Even though the Court accepts all allegations in a complaint as true, this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff is unrepresented, the Court construes the Complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse her from obeying all local and procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The Court will not be Plaintiff's lawyer. *See Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor will the Court rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

## III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves to dismiss Plaintiff's amended complaint. (Doc. 21). Defendant makes three arguments for dismissal. Because Defendant's first argument accurately identifies

a procedural bar to Plaintiff's suit, which the Plaintiff does not surmount, the Court need not reach the second and third arguments.

In order to sustain a Title VII claim, a Plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); 42 U.S.C. § 2000e–5(f)(1). "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Id.* (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982)). Defendant contests this issue. (Doc. 21 at 5). Indeed, Plaintiff states the right-to-sue letter was issued on August 26, 2024 (Doc. 16), which means the deadline to file suit was November 24, 2024. Because November 24, 2024, was a Sunday, the Court will consider the operative deadline Monday, November 25, 2024. But Plaintiff did not file suit until Tuesday, November 26, 2024. In her Response, Plaintiff concedes that she missed the deadline. (Doc. 23 at 2).

The Eleventh Circuit requires courts to review the 90-day limitations period "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)). This rule means that courts must provide some flexibility for Plaintiffs who receive letters late or have some other valid reason for their untimely filing. However, Plaintiff has never asserted she received her letter late.[1] And Plaintiff has not offered an excuse for missing the deadline. Plaintiff encourages the Court to exercise its discretion by denying the Motion to Dismiss, arguing that the 90-day limitations period is "subject to equitable tolling in extraordinary circumstances." (Doc. 23 at 2). But Plaintiff does not offer any extraordinary circumstances. She merely states that she is "pro se" and "has made a good-faith effort to comply with all court orders." The Court appreciates Plaintiff's efforts, but the leniency the Court gives to litigants proceeding pro se neither affords them "special advantages not bestowed on other litigants" nor excuses them from obeying

---

[1] In her original complaint, Plaintiff asserted that she received the letter on August 26, 2024, the same day it was issued. (Doc. 1 at 5). At no point in this case has Plaintiff indicated otherwise.

procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The 90-day limitations period applies, regardless of representation status. Because Plaintiff concedes that she missed the filing deadline without offering a valid excuse, her suit is procedurally barred.

## IV.     CONCLUSION

Because Plaintiff failed to file suit within ninety days of receiving her right-to-sue letter and does not provide an excuse for this failure which the Court may properly consider, her suit is barred. Consequently, Defendant's Motion to Dismiss (Doc. 21) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED**, with prejudice. The lawsuit is thus **DISMISSED**.

**SO ORDERED**, this 19th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**